**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Alfred Turner CRUTCHLEY, Defendant—Appellant.**

No. 02–10214.

D.C. No. CR–00–01413–FRZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2003.

Decided June 4, 2003.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Alfred Crutchley was convicted on seven counts of threatening the President, Vice President, and candidates for President and Vice–President in violation of 18 U.S.C. §§ 871 and 879. Crutchley appeals the district court's denial of his pre-trial motion to suppress all evidence obtained as a result of what Crutchley alleges was an unlawful arrest on September 26, 2000. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

Even if Crutchley's encounter with the FBI on September 26 constituted an arrest, the arrest did not violate Crutchley's Fourth Amendment rights because it was supported by probable cause. *See United States v. Watson*, 423 U.S. 411, 421–24, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (holding that warrantless arrests generally are permissible if predicated on probable cause). By the time that Agents Sheridan and Moskaitis approached Crutchley's residence, two witnesses had told Agent Sheridan that Crutchley threatened to "take out" Al Gore by putting a bullet through him. These statements sufficiently established probable cause. We reject Crutchley's argument that a warrant was required notwithstanding the existence of probable cause, because the two agents never crossed the threshold into Crutchley's home when making the arrest. *See United States v. Santana*, 427 U.S. 38, 42, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976);

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Whether probable cause exists for an arrest is a mixed question of law and fact that we review de novo. *See United States v. Carranza*, 289 F.3d 634, 640 (9th Cir.2002). We review the district court's underlying factual findings for clear error. *See United States v. Brown*, 884 F.2d 1309, 1311 (9th Cir.1989). Because Crutchley's argument fails under these regular standards, we need not address the government's contention that a more stringent plain error review is required.

**136**

*United States v. Oaxaca,* 233 F.3d 1154, 1158 (9th Cir.2000).

**AFFIRMED.**